

# THE ATTORNEY GENERAL
# OF TEXAS

March 20, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Fred G. Rodriguez          Opinion No.  JM-1029
Criminal District Attorney
Bexar County Courthouse              Re:  Whether  an  abstract  of
San Antonio, Texas  78205            judgment must  meet  the  re-
                                     quirements of section  12.013
                                     of the Property Code
                                     (RQ-1562)

Dear Mr. Rodriguez:

Chapter 52 of the Property Code provides for the crea-
tion of a lien against the real property of a defendant who
has suffered an adverse monetary judgment in court by means
of the recordation of the abstract of such judgment.

You ask:

> Regardless  of  who  prepares  a[n] . . .
> Abstract  of  Judgment  pursuant  to  Texas
> Property  Code  § 52.002,  must  the . . .
> Abstract of Judgment meet the requirements of
> Texas Property Code § 12.013?[1]

Section 52.002 of the Property Code provides:

> (a)  On application of  a person in  whose
> favor  a  judgment  is  rendered  in  a  small
> claims  court  or  a  justice  court  or  on

---

1.  Your full question was:

> Regardless of who prepares <u>a Judgment</u>  or
> Abstract  of  Judgment  pursuant  to  Texas
> Property Code § 52.002, must <u>the Judgment</u> or
> Abstract of Judgment  meet the  requirements
> of Texas Property Code § 12.013?   (Emphasis
> added.)

Section 52.002 provides only for preparation of abstracts of
judgment.  Accordingly, we will  address your question  only
with respect to abstracts of judgment.

application of that person's agent, attorney, or assignee, the judge or justice of the peace who rendered the judgment shall prepare and deliver to the applicant an abstract of the judgment.

(b) A person in whose favor a judgment is rendered in a court other than a small claims court or a justice court or the person's agent, attorney, or assignee may prepare the abstract of judgment. The abstract of judgment must be verified by the person preparing the abstract.

(c) If the clerk prepares the abstract, the applicant for the abstract must pay the fee allowed by law.

Section 12.013 of the Property Code provides for the recording of judgments and abstract of judgments as follows:

A judgment or an abstract of a judgment of a court in this state may be recorded if the judgment is attested under the signature and seal of the clerk of the court that rendered the judgment.

Provisions substantially equivalent to those currently in section 12.013 have appeared in Texas statutes for over a hundred years. See, e.g., Tex. Rev. Civ. Stat. art. 4338 (1879).

For the reasons given below, we conclude that the attestation requirement of section 12.013 does not apply to abstracts of judgment prepared under section 52.002.

First, section 12.013, on its face, provides only for the attestation of a judgment, not the attestation of an abstract of judgment. Section 52.002 provides, on the other hand, only for the preparation of abstracts of judgment.

Section 52.001 indicates that compliance with the requirements of chapter 52, vis-a-vis an abstract of judgment, suffices, in itself, to create a lien under that chapter. Section 52.001 provides:

A first or subsequent abstract of judgment, when it is recorded and indexed in accordance with this chapter, constitutes a lien on the real property of the defendant located in the county in which the abstract

is recorded and indexed, including real property acquired after such recording and indexing. (Emphasis added.)

Chapter 52 indeed appears to provide a comprehensive scheme for the recording of abstracts so as to create liens. Section 52.002, quoted above, provides for the preparation of the abstract. Section 52.003 provides for the contents of the abstract. Section 52.004 provides for the recording and indexing of the abstract as follows:

(a) The county clerk shall immediately record in the county judgment records each properly authenticated abstract of judgment that is presented for recording. The clerk shall note in the records the date and hour an abstract of judgment is received.

(b) At the same time an abstract is recorded, the county clerk shall enter the abstract on the alphabetical index to the judgment records, showing:

(1) the name of each plaintiff in the judgment;

(2) the name of each defendant in judgment; and

(3) the number of the page in the records in which the abstract is recorded.

(c) The clerk shall leave a space at the foot of each recorded abstract for the entry of credits on or satisfaction of the judgment and shall make those entries when credits are properly shown.

It might be argued that the requirement in section 52.004, subsection (a), that an abstract of judgment be "properly authenticated" prior to recordation refers to the "attestation" under section 12.013. However, we think that the requirement that the abstract be "properly authenticated" can be met by the justice of peace or judge of a small claims courts authenticating abstracts prepared by the justice or judge under subsection (a) of section 52.002, or by compliance with the requirement that the abstract be "verified by the person preparing the abstract" for abstracts prepared under subsection (b) of section 52.002. (See Black's Law Dictionary 121 (5th ed. 1979),

defining "authentication" as, *inter alia*, "verifications of judgments.")

Thus pursuant to section 52.001, abstracts of judgment prepared under section 52.002 constitute liens when recorded and indexed in accordance with chapter 52. The attestation requirement of section 12.013 is not only, on its face, inapplicable to abstracts of judgment (as opposed to judgments), but is specifically made inapplicable to chapter 52 abstracts by the provision of section 52.001 that compliance with chapter 52 alone suffices to create liens under that chapter. Perhaps the legislature might think it appropriate to consider the matter of whether chapter 52 abstracts should be made subject to attestation requirements.

### S U M M A R Y

The requirement of section 12.013 of the Property Code that a "judgment [be] . . . attested under the signature and seal of the clerk of the court that rendered judgment" prior to recordation does not apply to abstracts of judgment prepared and recorded under chapter 52 of the Property Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General